UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-61930-ROSENBERG/AUGUSTIN-BIRCH

RICARDO FLORESTAL and
BILL D. ALCIUS,

    Plaintiffs,

v.

CITY OF HOLLYWOOD and
PARTY CITY CORPORATION,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO REMAND

The Honorable Robin L. Rosenberg, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for the appropriate disposition of Plaintiffs Ricardo Florestal and Bill D. Alcius' Motion to Remand. DE 15; DE 17. The Motion to Remand is fully briefed, Defendant City of Hollywood having filed a Response and Plaintiffs having filed a Reply. DE 18; DE 22. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that Plaintiffs' Motion to Remand be **DENIED**.

### I.    Background

Plaintiffs filed a three-count Complaint in the Circuit Court for the 17th Judicial District in and for Broward County, Florida, naming as Defendants the City of Hollywood and Party City Corporation. DE 1-1. Plaintiffs allege in the Complaint that, on February 13, 2019, officers with the Hollywood Police Department wrongfully arrested them at a Party City store in Hollywood, when Plaintiffs were legitimately at the store to make purchases. *Id.* ¶¶ 11, 19, 22, 24, 27. The

State of Florida charged Florestal with trespassing and resisting an officer without violence and charged Alcius with trespassing and battery on a law enforcement officer. *Id.* ¶¶ 34–35. As Counts I and II, Plaintiffs sue the City of Hollywood under 42 U.S.C. § 1983 for conspiracy to violate their Fourth and Fourteenth Amendment rights, contending that officers with the Hollywood Police Department conspired to have Plaintiffs unreasonably seized and wrongfully prosecuted. *Id.* ¶¶ 48–71. As an alternative theory of the case, in Count III Plaintiffs sue Party City Corporation for malicious prosecution, asserting that Party City employees wrote false affidavits stating that Plaintiffs committed crimes at the Party City store. *Id.* ¶¶ 72–76.

The City of Hollywood removed the case to federal court under federal question jurisdiction. DE 1. It is undisputed that Party City Corporation has been served but has not yet entered an appearance in the case. *See* DE 7 at 2; DE 15-1.

## II.   The Motion to Remand

Plaintiffs now move to have the case remanded to state court. DE 15. Plaintiffs contend that a remand is required because the City of Hollywood did not obtain Party City Corporation's consent to remove the case. *Id.* at 1–2.

The City of Hollywood makes three arguments in response. First, the City of Hollywood asserts that Plaintiffs have misnamed Party City Corporation as a Defendant, as the entity's correct name is Party City Holdings Inc., which is a subsidiary of Party City Holdco Inc. DE 18 at 2–3. Second, the City of Hollywood maintains that Party City Holdco Inc. filed for Chapter 11 bankruptcy, and legal claims against Party City Holdco Inc. and its subsidiary are stayed due to the bankruptcy proceeding, such that consent from Party City Holdings Inc. was not required for removal. *Id.* at 3–4, 7–8. Third, the City of Hollywood argues that its counsel spoke to in-house

counsel for Party City Holdings Inc., and the in-house counsel stated that "he does not oppose removal." *Id.* at 3, 6–7.

In reply, Plaintiffs contend that Party City Corporation is correctly named as a Defendant, that there are no exceptions to the requirement of consent to removal from all properly joined and served defendants, and that any purported consent from Party City Holdings Inc. is untimely. DE 22 at 1–2. Plaintiffs do not contest that, due to a bankruptcy proceeding, their claim against Party City Corporation should be stayed.[1] In fact, Plaintiffs state that they intend to seek to stay the entire case upon its remand to state court. *Id.* at 2.

### III.    Analysis

A civil action brought in state court "of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). A lack of consent of all defendants at the time of removal is a defect in the removal process, although it is not a jurisdictional defect. *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997). A plaintiff may move to remand a case to state court due to a defect in the removal process. 28 U.S.C. § 1447(c).

A debtor who has filed for Chapter 11 bankruptcy enjoys an automatic stay against actions to enforce, collect, assess, or recover on claims against the debtor. *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) (citing 11 U.S.C. § 362(a)). "[A]ctions taken in violation of the automatic stay are void and without effect." *Id.* (quotation marks omitted). For example, initiating

---

[1] Party City Holdco Inc. filed a Voluntary Petition for Chapter 11 Bankruptcy in January 2023, before Plaintiffs commenced this case in state court. *See In re Party City Holdco Inc.*, 4:23-bk-90005 (Bankr. S.D. Tex.).

a lawsuit against a defendant who is enjoying a Chapter 11 bankruptcy stay is prohibited. *In re State Airlines, Inc.*, 873 F.2d 264, 265 n.1 (11th Cir. 1989) ("Because this appeal involves the effect of the § 362(a) automatic stay, we note out of scrupulous regard for detail that even the initiation of a lawsuit against the debtor is prohibited by the automatic stay. Quinn should have sought the permission of the bankruptcy court before commencing his action against the debtor.").

Thus, in a case that a defendant removed from state court without obtaining the consent of two other defendants, but where those two defendants were enjoying Chapter 11 bankruptcy stays, a district court in this Circuit determined that the claims against the two defendants were void, that the two defendants were not properly named as parties, and that their consent prior to removal was not required. *Jones v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:19-cv-01047, 2020 WL 805919, at *3 (N.D. Ala. Feb. 18, 2020) ("Thus, the claims asserted against Oak Grove and Seneca violate the automatic stay and are void *ab initio*. *See White*, 466 F.3d at 1244. Consequently, Oak Grove and Seneca are not properly named as defendants in this action, and National Union did not have to obtain their consent prior to removal."). In a second removed case where diversity jurisdiction was challenged, but where the non-diverse defendant was enjoying a Chapter 11 bankruptcy stay, a district court in this Circuit determined that the suit as against the non-diverse defendant was void, such that the non-diverse defendant's citizenship was not considered to evaluate the existence of diversity. *S. Dall. Water Auth. v. Guarantee Co. of N. Am., USA*, 767 F. Supp. 2d 1284, 1298 (S.D. Ala. 2011) (explaining that "plaintiff's action in filing suit against Wainwright violated the automatic stay (albeit, unintentionally) and was, therefore, *void ab initio* and without effect, *United States v. White, supra,* such that the citizenship of Wainwright need not be considered in determining whether this Court may exercise diversity jurisdiction").

Consistently with the above caselaw, the Court recommends a conclusion that Party City Corporation's consent to removal was not required. It is undisputed that the Party City Defendant (whatever its proper name) was enjoying a bankruptcy stay at the time Plaintiffs commenced this case and at the time the City of Hollywood removed it. Due to the bankruptcy stay, Count III against Party City Corporation is "void," such that the City of Hollywood was not required to obtain Party City Corporation's consent to remove. As Plaintiffs have raised no basis for a remand other than Party City Corporation's lack of consent, this case should not be remanded.[2]

### IV.   Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiffs' Motion to Remand [DE 15] be **DENIED**.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 11th day of December, 2023.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

---

[2] For the purpose of issuing a recommendation on the Motion to Remand, it is unnecessary for the Court to resolve whether Plaintiffs have properly named the Party City Defendant. And because the parties have raised a question as to the proper Party City Defendant, the Court does not base its recommendation on the City of Hollywood's assertion that counsel for some Party City entity has indicated that he does not oppose removal.